Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Southern District of Mississippi

Thad Cochran United States Courthouse Division



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAR 11 2020

ARTHUR JOHNSTON
BY_____ DEPUTY

|  |  |
|---|---|
| CLARA DENOIS FRAZIER-BARNES<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br><br>-v-<br><br>ROBERT WILKE, Secretary,<br>Department of Veterans Affairs,<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | ) Case No.  3.:20cv 158-CWR-FKB ) ) *(to be filled in by the Clerk's Office)* ) ) ) Jury Trial: *(check one)*  ☐ Yes  ☒ No ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| Name | Clara D. Frazier-Barnes |
|---|---|
| Street Address | 460 Old Cain Ridge Road |
| City and County | Vicksburg Warren |
| State and Zip Code | MS 39180 |
| Telephone Number | (601) 630-7353 |
| E-mail Address | clara.frazier@yahoo.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

    Name                              Robert  Wilkie

    Job or Title *(if known)*         Secretary

    Street Address              810 Vermont Street

    City and County            Washington

    State and Zip Code        DC 20420

    Telephone Number        (800) 827-1000

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | G.V. (Sonny) Montgomery Veterans Affairs Medical Center |
| Street Address | 1500 E. Woodrow Wilson Avenue |
| City and County | Jackson Hinds |
| State and Zip Code | MS  39216 |
| Telephone Number | (800) 949-1009 |

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒   Other federal law *(specify the federal law)*:

Violations of Executive Order (EO) 5396, July 17, 1930, Constitutional Rights Violation Fifth Amendment rights to due process, retaliation, harrassment/hostile work environment,  Anti-Discrimination and Retaliation Act ("No FEAR Act"), Pub. L. No. 107-174, 116 Stat. 566, violation of the Maximum Payable Rate Rule set by OPM www.opm.policy-data-oversight/pay", and The Lilly Ledbetter Fair Pay Act of 2009 ("Act")

☐   Relevant state law *(specify, if known)*:

☐   Relevant city or county law *(specify, if known)*:

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☒   Failure to hire me.
- ☒   Termination of my employment.
- ☒   Failure to promote me.
- ☒   Failure to accommodate my disability.
- ☐   Unequal terms and conditions of my employment.
- ☒   Retaliation.
- ☒   Other acts *(specify)*:   Violations ofExecutive Order (EO) 5396, July 17, 1930, Constitutional Rights Violation Fifth Amendment rights to due process, harrassment/hostile work evnironment, violation of the Maximum Payable Rate Rule set by OPM www.opm.policy-data-oversight/pay", and The Lilly Ledbetter Fair Pay Act of 2009 ("Act")

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

03/06/2015, 10/31/2017, 11/14/2017, 11/16/2017, 11/29/2017, 12/09/2017, 12/5/2017, 12/7/2017, 12/8/2017, 12/13/2017,  12/14/2017, 12/15/2017, 12/18/2017, 12/20/2017, 12/21/2017, 12/22/2017, 12/23/2017, 12/25/2017, 12/26/2017, 12/28/2017, 01/03/2018, 01/08/2018, 01/29/2018, 03/14/2018, 03/26/2018

C.   I believe that defendant(s) *(check one)*:

- ☒   is/are still committing these acts against me.
- ☐   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒   race   _____
- ☐   color   _____
- ☒   gender/sex   _____
- ☐   religion   _____
- ☐   national origin   _____

    ☒    age *(year of birth)*    1959    *(only when asserting a claim of age discrimination.)*

    ☒    disability or perceived disability *(specify disability)*

    Migraines, Foot and ankle injury

E.    The facts of my case are as follows.  Attach additional pages if needed.

## STATEMENT OF FACTS

Plaintiff Clara Frazier-Barnes is a qualified individual with a disability within the meaning of the Americans with Disabilities Act of 1990 "ADA"; and the Family Medical Leave Act FMLA".

The Plaintiff had been employed full time by the U.S. Department of Veterans Affairs for approximately four years and has worked as a registered nurse (RN) at all times relevant hereto, and has devoted 16 ½ years total federal service.

Mrs. Clara Frazier-Barnes (Plaintiff) was hired by the G.V. (Sonny) Montgomery Department of Veterans Affairs Medical Center as an Excepted Service Nurse 2, Step 7 Nurse Coordinator, by SF 50 with an effective start date of July 23, 2017. Mrs. Frazier-Barnes was previously employed as a Nurse 2, Step 6 Clinical Coordinator G.V. (Sonny) Montgomery Department of Veterans Affairs Medical Center from March 2014 to September 2015.

While working as an RN, the Plaintiff provided a written statement in writing supporting her EEO complaint filed against the agency for harassment and unlawful discrimination practices. The Agency Action was dated August 6, 2015, January 17, 2018, and June 7, 2018.

On August 6, 2015, the Plaintiff initiated EEO contact, alleging that the Agency discriminated against her on the bases of disability (Disabled Veteran) and age (56). Race (African American) and sex (female) was not highlighted in Commission decision letter dated April 26, 2019, when:

1. about March 2, 2015, or March 6, 2015, Plaintiff learned that the Agency was not paying her in according with VAMC's nursing pay guidelines, and

2. from 2012 to 2015, the Agency failed to select Complainant for 25 positions for which she applied.

Plaintiff also alleged that Agency was not paying her in accordance with the Maximum Payable Rate Rule set by OPM www.opm.policy-data-oversight/pay", and The Lilly Ledbetter Fair Pay Act of 2009 ("Act").

a. Plaintiff alleged discriminatory pay disparity events occurred on March 9, 2014 through September 15, 2015, Agency No. 20030586201504760 (Attachment 1) and December 2017 through September 5, 2018, Agency No. 2003-0586-2018106495.

b. On 03/09/2014, Mrs. Frazier-Barnes stated Agency RMO Jodi, Stubbs, RMO James Leehan and RMO Dr. Walker did not set Mrs. Frazier-Barnes pay rate by the Maximum Payable Rate Rule set by OPM www.opm.policy-data-oversight/pay or The Lilly Ledbetter Fair Pay Act of 2009 ("Act"). Mrs. Frazier-Barnes stated my pay should have been Nurse 4, step 7 on 03/09/2014 and now should be Nurse 4, step 11. Plaintiff stated this pay should be set because of Plaintiff previously held highest pay grade rate earned, education and experience. Plaintiff stated her salary was over $100,000.00 in 1996, 22 years ago, and her pay should be higher than Nurse 3, step 7, 22 years later. Agency failed to pay Mrs. Frazier-Barnes at the grade and rate of pay the Plaintiff should receive and had previously earned.

In a decision dated January 19, 2016, the Agency dismissed complaint 1, pursuant to 29 C.F.R. 1614.107(a)(2). The decision for claim (1) found untimely EEO contact, and for claim (2), found matters raised not brought to the attention of an EEO counselor, and that was not like or related to matters raised with a Counselor.

The Agency identified the matter as Agency No. 2003-0586-2015104760 (complaint 1). Continued on additional pages.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.  Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

August 6, 2015, January 17, 2018, and September 24, 2018

B.  The Equal Employment Opportunity Commission *(check one)*:

☐  has not issued a Notice of Right to Sue letter.

☒  issued a Notice of Right to Sue letter, which I received on *(date)*      1/13/2020      .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒  60 days or more have elapsed.

☐  less than 60 days have elapsed.

## V.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Compensation for Economic Damages/Lost Wages, Back Pay and Front Pay-
   a. For the Agency to pay a sum of $1,000,000.00 (1 million) dollars to compensate Plaintiff for the loss of her employment (which is the equivalent to 4 years pay). The plaintiff would be entitled to claim approximately 6-12 months loss of earnings should Plaintiff have resigned and requested constructive dismissal.
   b. For the Agency to pay Plaintiff the sum of $300,000.00 as compensation for injury to feelings for disability/harassment/hostile works environment discrimination.  This report comes directly as a result of:
   1. Peggy King and Vanessa Manning wrongfully withheld Plaintiff's Comp Time and accrued sick leave that was not credited to Plaintiff sick leave balance from previous federal employment.
   2. Lost income to Plaintiff's Retire Federal Employees Retirement System (FERS)/matching government funds from July 21, 2018, to October 11, 2018, lost wages to Plaintiff's TSP elections from mid-November 2017 to April 6, 2018, due to Agency employee inadvertently misplaced Plaintiff's TSP election form, lost income to Plaintiff's TSP elections from August 4, 2018, to September 15, 2018, due to Agency Removed Plaintiff's TSP election without her consent.
   3. Non-Hire on December 7, 2017, for Community Care Utilization Review RN position.
   4. Lost wages from Agency failed and or refused to consider Plaintiff for any vacant job openings in the same agency at the same grade or pay level, within the same commuting area, for which Plaintiff was qualified for reassignment.
   5. Plaintiff experienced significant wage disparity in the financial award from employment in 2014, 2015, 2017, and 2018.
   6. Agency history of Non-hiring Plaintiff for permanent RN Clinical Coordinator/Clinical Reviewer position in 2015 and other positions.
   7. Plaintiff  is entitled back pay as of March 9, 2014, when Agency failed to pay Plaintiff  at the highest pay grade she had earned as a federal employee prior to termination on September 7, 2018, to present with the reinstatement of leave usage from December 4, 2017, to Sept 7, 2018, and reinstatement of all leave earned that was involuntarily cashed out to the Plaintiff after termination.
   8. Lost Pension Benefits with respect to the lost pension benefit award. Plaintiff intended to retire in 2022 at the age of 62. Plaintiff is entitled to the net value of her lost pension benefits based on this retirement date.
   9. Reinstatement or Front Pay.  Front pay should be awarded to compensate the Plaintiff for lost future wages and 36 benefits. Front pay may be awarded if reinstatement is not feasible. The employer did not address reinstatement, the preferred remedy in termination cases, nor whether it was inappropriate in this case or not.
   10. Retroactive pay for all lost benefits includes the amount of compensation and benefits to make up the difference in pay that Plaintiff would earn in the future bearing in mind Plaintiff correct pay grade should have been as minimum Grade 4 Step 11 (from March 9, 2014, to July 31, 2019).

---

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        3/10/2020

Signature of Plaintiff         *Clara D. Frazier–Barnes*
Printed Name of Plaintiff      Clara D. Frazier-Barnes

**B.    For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Page 1                                                                                    March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

## STATEMENT OF FACTS

From October 18, 2017, to April 2019, Mrs. Frazier-Barnes was singled out, harassed

and subjected to a hostile work environment based on race (African American), age (over 40),

disability and reprisal (prior EEO activity - June 2015 - 2016 complaint 1) and retaliation for

filing a worker's compensation claim and participating in protected EEO and whistleblowing

activities:

    a.  The Plaintiff alleged unlawful employment discrimination practices (December 18, 2017,

        December 21, 2017, January 26, 2018, and January 29, 2018)] (complaint 2).

On January 17, 2018, Plaintiff initiated EEO contact alleging (Attachment 1 - V.A. Form

4939

Complaint of Employment Discrimination) (Disability - Mental: Disabled Veteran and Time and

Attendance, Disability - Physical Harassment/Hostile Work Environment, Non-Sexual and

reprisal for prior EEO activity (2016 complaint) Reasonable Accommodation (Attachment 1 -

VA Form 4939 Complaint of Employment Discrimination) when:

    3.  on December 18, 2017, management charged Plaintiff with 63 hours of absence

        without leave (AWOL) and then misapplied Plaintiff's leave which affected Mrs.

        Frazier-Barnes pay,

    4.  since October 18, 2017, the Agency subjected Plaintiff to hostile work environment

        harassment when coworkers threatened Plaintiff on several occasions and management

        failed to take action, and administration asked Plaintiff to provide for her leave

        requests, and

    5.  management denied Plaintiff's request for accommodation.

The Agency identified the matter as Agency No. 2003-0586-2018101930 (Complaint 2).

The Plaintiff appealed both cases with the Equal Employment Opportunity Commission

(EEOC or Commission) Office of Federal Operations (OFO), Agency No. 2003-0586-

2015104760 on January 21, 2016, filed on November 16, 2015, and 2003-0586-2018101930 on

July 23, 2018, filed on May 1, 2018, and because Agency dismissed her complaints of unlawful

employment discrimination which included alleged reprisal/retaliation for prior EEOC activity

and illegal employment discrimination in violation of Title VI and VII of the civil rights act of

1964 race (African American) and sex (female).

Plaintiff alleges that **<u>equitable tolling principles are applicable in both complaint one</u>**

**<u>and</u>**

two because she was induced (encouraged to participate in ADR mediation) or tricked by her

adversary's misconduct into allowing the filing deadline to pass.

As set forth below, Plaintiff pleads that the Final Agency's actions  reversed, the following

events alleged in employment discrimination complaint two on VA Form 4939 (Attachment 1)

that EEO should have accepted for the investigation that Agency discriminated against and the

basis for this claim when:

**Event one:**

6.  on November 14, 2017, Plaintiff/Complainant/Appellant emailed and faxed James

Leehan, Human Resource Officer, and LaDonna Burt, Payroll Supervisor, three

documents she received from the National Archives Record Center that showed she had

obtained a high pay grade salary and had an accrued sick leave balance credit from

previous federal employment that had not been credited to her unhealthy leave balance

Page 3                                                                                                March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

which needed to be made right. These three documents were forwarded to James Leehan

so that he would make a general pay adjustment to bring Mrs. Frazier-Barnes' salary to

what it was supposed to be. Over twenty-four hours were never credited, and it is unclear

from the audit the total number of hours that were credited (Pay Disparity / Equal Pay

Violation, Time and Attendance Violation, Failure to promote me).

**Event two:**

7.  on December 1, 2017, Mrs. Frazier-Barnes notified Laverne Patterson, Urgent Care

    supervisor, her nurse manager Peggy King, and Valerie Palmer, Workers'

    Compensation Program Manager by phone that she sustained a job-related injury in

    the line of duty at the end of her 3:30 pm - 12:00 am work shift. Valerie Palmer

    informed Mrs. Frazier-Barnes that she and Peggy King needed to meet with her to

    complete either Form Number CA-1 (Federal Notice of Traumatic Injury and Claim

    for Continuation of Pay/Compensation) or CA-2 (Notice of Occupational Disease and

    Claim for Compensation. Mrs. Frazier-Barnes completed both the CA-1 (Federal

    Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation) or CA-2

    (Notice of Occupational Disease and Claim for Compensation within twenty-four

    hours and personally hand-carried them to human resources to be placed into Valerie

    Palmer's inbox.  Agency failed to complete and sign the Plaintiff's CA-1 within

    twenty-four hours or thirty days. Agency actions interfered in the Plaintiff's worker's

    compensation claim and 45 days continuation of pay (Failure to complete my claim for

    45 days continuation of pay compensation, Failure to accommodate my disability).

Page 4                                                                              March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

**Event three:**

8.  on December 9, 2017, the Agency denied Plaintiff Thrift Savings Plan (TSP) election

    changes.    Agency inadvertently lost Mrs. Frazier-Barnes TSP election change

    paperwork, which Plaintiff submitted October 31, 2017.  Mrs. Frazier-Barnes lost

    about $2,000.00 income for the month of December 2017 ($1,500 in government

    matching funds and $300 - $500 interest that would have been earned in Mrs. Frazier-

    Barnes TSP account for the month of December 2017.  This created a severe financial

    hardship on Mrs. Frazier-Barnes and her family (Disability – Physical: Failure to

    continue my benefits - Thrift Savings Plan (TSP) funds, Dental care, Vision care,

    Retire Federal Employee Retirement System [FERS] and Harassment/Hostile Work

    Environment, Non-Sexual).

**Event four:**

9.  on December 13, 2017, Plaintiff filed an informal EEO complaint with her Agency

    EEO Joseph Vaughn and Johnny Culp, EEO Counselor, Continental District Office of

    Resolution Management, Department of Veterans Affairs as follows:

| Basis(es) | | | Claim(s) | Date(s) of Occurrence | |
|---|---|---|---|---|---|
| Reprisal | Prior | EEO | Non-Hire for Utilization | 12/5/2017, | 12/7/2017, |
| Activity, | | | Review R.N. position in | 12/8/2017, | 12/13/2017, |
| | | | Community Care | 12/14/2017, | 12/15/2017. |
| | | | Pay Disparity | 12/18/2017, | 12/20/2017, |
| | | | Age - Over 40 | 12/21/2017, | 12/23/2017, |
| | | | Race - African American | 12/25/2017, | 12/26/2017 |
| | | | Withheld 3 hours 45 minutes | | |
| | | | or 4 hours comp time | | |
| | | | | 12/7/2017 | |
| Disability - Mental | | | Pay Disparity | | |
| | | | | 12/5/2017 | |
| Disability - Physical | | | Non-Hire for Utilization | | |

Page 5                                                                      March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

| | | |
|---|---|---|
| | Review<br>R.N. position in Community Care | 12/15/2017 |
| | Harassment/Hostile Work Environment (Non-Sexual) | 12/8/2017 - 1/29/2018 |
| | Federal Worker's Compensation Claim for On the Job Injury Disability in the Line of Duty 11/30/2017 | 10/31/2017 – 1/29/2018 |
| | Other – Retire Federal Employees Retirement Systems (FERS)/matching government funds, Thrift Savings Plan (TSP) funds Employees Retirement Systems (FERS)/matching government funds, Thrift Savings Plan (TSP) funds | 12/9/2017 |

**Event five:**

10. on December 15, 2017, Plaintiff Nurse Manager Peggy King took away and withheld Plaintiff 3 hours 45 minutes or 4 hours comp time (Disability - Mental: Time and Attendance, Disability - Physical Harassment/Hostile Work Environment, Non-Sexual).

**Event six:**

11. on December 18, 2017, Plaintiff Nurse Manager, Peggy King, required Plaintiff to inform her about dates of previous employment activity at the Jackson VAMC in 2014 through phone communication and email communication (Disability - Physical: Harassment/Hostile Work Environment, Non-Sexual).

**Event seven:**

12. on December 20, 2017, Plaintiff was charged 63 hours absent without leave (AWOL) by Mrs. Frazier-Barnes managers Peggy King and Vanessa Manning, despite the

Page 6                                                                                                    March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

Plaintiff having 87 hours disabled veteran leave (DVL) and 87 hours annual leave for
available use. Peggy King willfully disregarded Plaintiff requested medical leave
December 12, 2017, and instead opted to show Plaintiff as 63 hours AWOL, Leave
request not approved for Disabled Veteran Leave [DVL] (Reprisal-prior EEO Activity,
Disability - Mental: Time and Attendance and Disability - Physical
Harassment/Hostile Work Environment, Non-Sexual):

December 12, 2017, 8 hours Disabled Veteran Leave was not approved

December 13, 2017, 8 hrs. Disabled Veteran Leave not was approved

December 14, 2017, 8 hrs. Disabled Veteran Leave not was approved

December 15, 2017, 8 hrs. Disabled Veteran Leave not was approved

December 18, 2017, 8 hrs. Disabled Veteran Leave not was approved

**Event eight:**

13. on December 26, 2017, Plaintiff was charged 38.5 hours absent without (AWOL)

by the management Peggy King and Vanessa Manning, despite my having 87 hours
of disabled veteran leave and 87 hours of annual leave for available use. Mrs. King
willfully disregarded my medical leave and instead opted to show me as 38.5 hours
AWOL, Leave request not approved for leave without pay (LWOP) as requested
(Reprisal-prior EEO Activity, Disability - Mental: Time and Attendance and
Disability - Physical Harassment/Hostile Work Environment, Non-Sexual):

December 20, 2017, 6.5 hours leave without pay not approved

December 21, 2017, 8 hrs. leave without pay not approved

December 23, 2017, 8 hrs. leave without pay not approved

Page 7                                                                                    March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

> December 25, 2017, 8 hrs. leave without pay not approved
>
> December 26, 2017, 8 hrs. leave without pay not approved

**Event nine:**

14. Mrs. Frazier-Barnes reported Peggy King and Vanessa Manning behavior, and payroll discrepancies to her supervisor Joseph Vaughn and the human resource department for redress on the following dates:
    December 21, 2017, December 22, 2017, December 26, 2017, December 27, 2017, December 28, 2017, January 2, 2018, and January 8, 2018 (Reprisal-prior EEO Activity, Disability - Mental: Time and Attendance and Harassment/Hostile work Environment, Non-Sexual).

**Event ten:**

15. on December 18, 2017, Mrs. Frazier-Barnes notified Peggy King by email that she needed to meet with her in Valerie Palmer's office to complete either Form Number CA-1 (Federal Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation) or CA-2 (Notice of Occupational Disease and Claim for Compensation. Agency failed or refused to pay Plaintiff 45 days continuation of pay from December 1, 2017, to July 31, 2018 (Failure to complete my claim for 45 days continuation of pay compensation, Failure to accommodate my disability).

**Event eleven:**

16. From December 18, 2017 to January 29, 2018, Peggy King denied plaintiff's initial request for reasonable accommodation.  This denial was deliberate and retaliatory for

Page 8                                                                      March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

filing a worker's compensation claim and EEO complaint (Reprisal-prior EEO
Activity - Failure to accommodate my disability).

**Event twelve:**

17. on January 29, 2018, Peggy King offered Plaintiff an unsatisfactory alternative
accommodation which failed to meet plaintiff's physician prescribed light duty
physical work restriction and imposed undue hardship on Plaintiff disabling medical
condition sustained from a job-related injury while in the line or performance of duty
on 11/30/2017. This denial was deliberate and retaliatory for filing a worker's
compensation claim and EEO complaint (Reprisal-prior EEO Activity - Failure to
accommodate my disability).

**Event thirteen:**

18. on January 29, 2018, Mrs. Frazier-Barnes informed Peggy King in the presence of
Brenda Reid that the alternative accommodation she offered was unsatisfactory
against Mrs. Frazier-Barnes' physician-prescribed light duty physical work restriction,
and it was cruel and imposed an undue hardship on Mrs. Frazier-Barnes disabling
medical condition sustained from a job- related injury while in the line of duty on
11/30/2017. Mrs. Frazier-Barnes feared for her safety regarding a possible re-injury
or worse (Reprisal-prior EEO Activity - Failure to accommodate my disability and
Disability - Physical: Harassment/Hostile Work Environment, Non-Sexual).

**Event fourteen:**

19. on January 29, 2018, Peggy King documented in writing on page 1 V.A. Form 0857f
    and in the presence of Brenda Reid that she regarded Mrs. Frazier-Barnes as having a
    physical impairment which accommodating would require the lowering of a
    performance standard or production standard and demotion or lowering of Mrs.
    Frazier-Barnes nurse salary (Reprisal-prior EEO Activity - Failure to provide my
    disability and Disability - Physical:  Harassment/Hostile Work Environment, Non-
    Sexual).

**Event fifteen:**

20. on March 14, 2018, and March 30, 2018, the Plaintiff requested 70 hours of LWOP
    and 6 hours accrued annual leave email communication, which was disapproved
    without merit.  Mrs. King stated she was not approving annual leave instead of sick
    leave for March 23, 2018.    The Center did not approve Complainant's request for
    LWOP Director.  Mrs. King referenced that there was a problem with the medical
    certification from my physician being administratively acceptable for my absence for
    P.P. 1, PP2, PP3, PP4, P.P. 5, and P.P. 6.  Dr. Walker and Mrs. King failed to state
    verbally or in writing the problem with my medical certification (Reprisal-prior EEO
    Activity - Failure to accommodate my disability, Disability - Mental: Time and
    Attendance and Disability - Physical Harassment/Hostile Work Environment, Non-
    Sexual).

The Commission overlooked that Plaintiff/Complainant initiated timely contact

within the forty-five (45) day requirement with an EEO counselor in the wrong jurisdiction.

The Commission errors that Plaintiff/Complainant pursued other means instead of the

EEO process for resolving her complaint in the interim.   The Commission did not highlight that

the only means that the Plaintiff/ Complainant/Appellant pursued was finding out which EEO

the counselor had jurisdiction over her in initiating contact with EEO, filing her EEO complaint.

Plaintiff grievances (Report of Contact; other) emailed to Joseph Vaughn on December 22,

2017 were full of allegations of abusive behavior (e.g., bully response, threats, and harassment

against Mrs. Frazier-Barnes and another new nursing coordinator employee).

Agency denied Plaintiff promotion to the highest pay grade salary she had earned based on

her previous federal employment, qualifications, and experience in 2015, 2017, and 2018;

retaliation for her protected EEO and whistleblowing activities.

Agency failure/refusal to certify reasonable accommodation for Plaintiff on the job injury in

the line of duty on 11.30/2017 and accommodate a disability; Agency failed or refused to try to

find Appellant another job/certify Mrs. Frazier-Barnes for any vacant position in the same

agency at the same grade or pay level, within the same commuting area for which Plaintiff was

qualified for reassignment or send any correspondence in writing certifying Mrs. Frazier-Barnes

accommodation request was closed from 12/01/2017 to 09/07/2018; harmful errors, retaliation

for her protected EEO and whistleblowing activities.

Agency interference with Mrs. Frazier-Barnes workers compensation claim~ and

termination of her employment, harmful errors, retaliation for her protected EEO, and

whistleblowing activities (Reprisal-Prior EEO Activity, filing an OSC and OCR complaint).

Page 11                                                                March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

Agency falsely and maliciously charging Plaintiff 63 hours AWOL 12/18/2017, 12/20/2017

and 38.5 hours AWOL 12/26/2017, pay discrepancies and pay violations with salary and Time

and attendance abuse of authority in regards to denying Mrs. Frazier-Barnes requested leave

despite Mrs. Frazier-Barnes having banked hours; denial of 4 hours comp time, denial of stress-

induced accommodation requested leave February 28, 2018, refusal to pay Mrs. Frazier Barnes

her highest pay grade salary from 03/14/2014 to 09/05/2015 and 12/01/2017 to 09/07/2018;

harmful errors, retaliation for her protected EEO and whistleblowing activities

(Reprisal/Retaliation-Prior EEO Activity, filing an OSC whistleblower and OCR complaint).

Dr. David Walker and Peggy King failed or refused to specify what problem was found with

Plaintiff's physician statement from 12/01/2017 to 09/07/2018. Agency withheld information in

discovery as shown by Plaintiff's file violated Mrs. Frazier Barnes Fifth Amendment rights to

due process. Peggy King purportedly made false allegations and entered false facts and evidence

in Plaintiff's performance proficiency report dated March 26, 2018.

The wrongful attacks as the basis for termination of plaintiff's employment on 09/07/2018

she did not receive until May 24, 2019, violated Mrs. Frazier-Barnes Fifth Amendment,

constitutional rights to due process (Reprisal/Retaliation-Prior EEO Activity - Termination,

filing an OSC whistleblower and OCR complaint).

Agency failed to accommodate Plaintiff reasonably and refused to allow Plaintiff to return to

light duty/limited duty work. Instead of allowing Plaintiff modified work, transfer, or

reassignment for her serious health condition, Agency terminated Plaintiff's employment on

September 7, 2018, in a letter mailed to Plaintiff through the U.S. Postal Office, which claimant

did not receive until about October 12, 2018.

Page 12                                                                    March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

My complaint of discrimination includes the following:

## I. <u>DISABILITY DISCRIMINATION</u>

The allegations contained in paragraphs 1 through 24 inclusive are at this moment
incorporated by reference.

From the time of my injury on 11/30/2017 to the day of my termination 09/07/2018, Plaintiff
was capable of performing the duties of several available suitable positions at the Agency's
facilities.  From the time of my injury to the day of my termination, Plaintiff attempted to be
placed in available suitable positions at the Agency's facilities on numerous occasions.
During such time, Agency continually, intentionally, and in a discriminatory manner refused to
allow Plaintiff to return to limited or light duty in her former position or any other position
because of her disability.

Agency's September 7, 2018, termination of Plaintiff was not based on any medical
justification and was discriminatory as to Plaintiff.  Agency terminated Claimant because of her
disability and retaliation.  Such adverse employment actions by Agency"s violation of the ADA.
As a result of Agency's efforts, Plaintiff has suffered irreparable injuries, including but not
limited to loss of pay, benefits and other economic damages, emotional pain and suffering,
mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for
all of which she should have compensation.

## II. <u>HARASSMENT/HOSTILE WORK ENVIRONMENT</u>

I have been treated differently than other employees in that I have received a lower rating than all of the other nursing coordinator employees. My lowered ratings are also discriminatory in nature. This has meant that I did not receive any monetary awards.

Dr. David Walker, Medical Center Director, terminated my employment on September 7, 2018, in a letter while I was on disability leave and told me I could go file a complaint with Office of Resolution Management (ORM) if I believe I was separated resulting from summary review based on race, religion, sex, disabling medical condition, etc... His actions were discrimination based on my age, race, and disability and in reprisal for filing an EEO, OSC, and OCR complaint. I received the termination letter in the U.S. mail about 30 to 40 days after my termination.

Mr. James Leehan, Chief Human Resources, concurred with Dr. Walker's decision to terminate my employment, and he also told me that I could file a complaint with ORM. These discriminatory remarks and the constant and severe harassment by my supervisors led to a hostile work environment. Dr. David Walker and Mr. James Leehan are both Caucasian males.

Lastly, I was mailed a Summary Probationary Review and Convening of Nurse Professional Standards Board (NPSB) letter dated June 19, 2018, while I was on disability leave, which was unfair and discriminatory in nature. Ms. Stella Harris, Chair Professional Standards Board, my upper-level supervisor Dr. David Walker, Mr. James Leehan, and my nurse managers/supervisors, maliciously filed two bogus or false allegations and one questionable allegation against me intended to terminate my employment. I was repeatedly harassed regarding my time and attendance for leave requests. No other employees were subject to this

Page 14                                                March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

behavior. I was then unfairly accused of not working fast enough and substandard job

performance by two of my assigned mentors.

In short, I was subjected to disparate treatment and a hostile work environment based

upon illegal factors such as my race, age, and disability, reprisal/retaliation for filing an EEO

complaint and retaliation for filing an OSC and OCR complaint.

## III. MENTAL AND EMOTIONAL DISTRESS

Agency's actions described herein were intentional and inflicted upon Plaintiff severe mental

and emotional distress.

As a result of Agency's actions, Plaintiff has suffered irreparable injuries, including but not

limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental

anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of

which she should be compensated.

A third related EEOC complaint (complaint 3) is currently pending before the Agency that

an overlap with charge 2 was partially accepted fashioned upon twelve discrete claims alleged in

complaint 3 VA Form 4939 (Attachment 2) described as follows:

- First Claim; Violation of the Rehabilitation Act, 29 U .S.C. § 794 et seq.,

- Second Claim: The Age Discrimination in Employment Act ("ADEA"),

- Third Claim: Titles VI and VII of the Civil Rights Act of 1964 ("Title VI" and "Title

  VII)~ 42 U.S.C. § 1983 ("1983"),29 U.S.C. § 621 et·seq.,

- Fourth Claim: The Whistleblower Protection Act ("WPA"), Pub. L. No. 101-12, 103

  Stat. 16 ( 1989) (codified in scattered sections of 5 U. S. C.), and the Notification and

  Federal Employee

Page 15                                                                March 10, 2020
Pro Se 7 Complaint about Employment Discrimination
Statement of Facts
Clara Frazier-Barnes

- Fifth Claim: Retaliation: Anti-Discrimination and Retaliation Act ("No FEAR Act"), Pub. L.

  No. 107-174, 116 Stat. 566.

- Sixth Claim: Refusal to Accommodate me

- Seventh Claim: Interference in and retaliation for filing a worker's compensation claim

- Eight Claim: Constitutional Rights Violation Fifth Amendment rights to due process.

- Ninth Claim: Failure to Promote me

- Tenth Claim: Failure to Hire me

- Eleventh Claim:  Wrongful Termination of my Employment

- Twelfth Claim Failure to pay me at the highest pay grade rate I am qualified to earn.

     The Agency identified the matter as Agency No. 2003-0586-2018106495 (Complaint 3).

     A copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity

Commission (Attachment 3).

                              Respectfully submitted,


                              *Clara Frazier-Barnes*
                              Clara Frazier-Barnes,
                              Plaintiff Pro Se

Attachment